FILED
2014 Aug-06  AM 11:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ANGELA K. COX,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. CV-13-S-2121-NE** |
| | ) | |
| **COLSA CORPORATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Angela K. Cox, who is proceeding *pro se*, filed a complaint on November 23, 2013, against defendant Colsa Corporation ("Colsa"), her former employer.[1]  Plaintiff failed to delineate specific counts or causes of action in her complaint.  Even so, it *appeared* that she intended to assert claims of employment discrimination and/or retaliation against Colsa, along with a state-law claim of defamation.[2]

---

[1] Doc. no. 1.

[2] *See id.* at ECF 17–18, 24.  "ECF is the acronym for Electronic Case Filing, a filing system that allows parties to file and serve documents electronically."  *Atterbury v. Foulk*, No. C-07-6256 MHP, 2009 WL 4723547, *6 n.6 (N.D. Cal. Dec. 8, 2009).  Bluebook Rule 7.1.4 allows citation "to page numbers generated by the ECF header."  *Wilson v. Fullwood*, 772 F. Supp. 2d 246, 257 n.5 (D. D.C. 2011) (citing The Bluebook: A Uniform System of Citation R.B. 7.1.4, at 21 (Columbia Law Review Ass'n *et al.* eds., 19th ed. 2010)).  Even so, the Bluebook recommends "against citation to ECF pagination in lieu of original pagination."  *Wilson*, 772 F. Supp. 2d at 257 n.5.  Thus, unless stated otherwise, this court will cite to the original pagination in the parties' pleadings.  When the court cites to pagination generated by the ECF header, it will, as here, precede the page number with the letters "ECF."

The factual allegations of plaintiff's complaint were voluminous, wide-ranging, and repetitive, but after several readings it ultimately became clear that she was, in essence, complaining about two specific incidents: *i.e.*, that she had been subject to and "experienced a hostile working environment when [her] Program Manager[,] Mike Whitlock[,] screamed, yelled[,] and pointed his finger in [her] face several time[s] since [she began her] employment with Colsa Corporation"; *and that*, "[o]n August 14, 2012[,] . . . plaintiff [received] a letter in the mail stating that [she had been] involuntarily terminated due to falsified time sheets . . . ."[3]  Plaintiff alleged that she lost her security clearance as a result of her termination, and that she has been unable to find similar employment.[4]  Plaintiff further alleged that she was fired in retaliation for her complaining to the Human Resources Department about Mike Whitlock's "rude and intimidati[ng] behavior," because she reported "illegal activity by Mike Whitlock when he asked for a false signature by Brenda Cooper," and because she "witnessed Mike Whitlock and his assistant . . . in an unethical relationship."[5]

It is important to note that none of the statements from plaintiff's complaint that are quoted in the immediately preceding paragraph alleged that Mike Whitlock's

---

[3] *Id.* at ECF 2, 15 (alterations and ellipses supplied).

[4] *See id.* at ECF 15–16.

[5] *See, e.g.*, *id.* at ECF 6, 19–20, 24 (alterations and ellipses supplied).

2

behavior related in any way to characteristics that are protected by any of the federal employment discrimination statutes:  *e.g.*, race, color, religion, sex, national origin, age, disability, or family status.  The confusion was not resolved by the attachment to plaintiff's complaint — *i.e.*, a copy of the "Right to Sue" letter mailed to plaintiff by the Equal Employment Opportunity Commission ("EEOC") — because plaintiff had neglected to attach a copy of the most important document: *that is*, the *charge of discrimination* that she had filed with the EEOC.

Plaintiff filed a series of frivolous discovery motions between February 7 and June 4, 2014, all of which were denied.[6]  In the process of reviewing those motions, however, it became clear that plaintiff's complaint failed to state a federal claim upon which relief could be granted.  Consequently, the court ordered plaintiff to show cause why her complaint should not be dismissed.[7]

Plaintiff responded to that order with a pleading that classified her complaint as attempting to state a "disability claim" under the Americans with Disabilities Act

---

[6] *See, e.g.*, doc. no. 11 ("Plaintiffs' [*sic*] Motion to Compel Defendants to Produce Initial Disclosures"); doc. no. 13 (Order denying motion to compel); doc. no. 18 (plaintiff's motion to strike the declaration of Catherine S. McDonald); doc. no. 23 (plaintiff's motion to strike defendant's response to her motion to strike the declaration of Catherine S. McDonald); doc. no. 24 (plaintiff's motion for default judgment against Colsa Corporation and her second motion to compel); doc. no. 25 (Order denying all motions to strike); doc. no. 26 (Order denying plaintiff's motion for default judgment and plaintiff's second motion to compel); doc. no. 31 (plaintiff's third motion to compel); doc. no. 33 (Order denying plaintiff's third motion to compel); doc. no. 34 (plaintiff's motion for sanctions and second request for default judgment); doc. no. 35 (Order denying plaintiff's motion for sanctions and request for default judgment).

[7] Doc. no. 36 (June 5, 2014 Order to Show Cause).

of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*[8]  That responsive pleading stated that plaintiff was "a qualified individual with a disability," and alleged that plaintiff's supervisor, Mike Whitlock, "would frequently call attention to the Plaintiff's limitations," and subjected her to "harassment, mockery of the Plaintiff's disability, unrelenting teasing, [and] unwelcome and hurtful jokes."[9]

After reviewing plaintiff's response to the show-cause order, this court ordered her to file both an amended complaint incorporating those new facts and causes of action, and a copy of the complaint she had filed with the EEOC.[10]

Plaintiff filed her amended complaint on June 25, 2014.[11]  That pleading added four new defendants, all of whom were persons employed by the original defendant, Colsa Corporation:  *i.e.*, Mike Whitlock, in both his individual capacity and his official capacity as plaintiff's supervisor; Susan Phillips, in her individual capacity; Catherine McDonald, in her individual capacity; and Felicia Jefferson, in her individual capacity and also in her official capacity as plaintiff's supervisor.[12]  The amended complaint asserted seven causes of action:  *i.e.*,

(*i*)    "discrimination" against plaintiff on the basis of her disability,

---

[8] *See* doc. no. 37 (Plaintiff's June 12, 2014 Response to Show Cause Order), at ECF 1–2.

[9] *Id.* at ECF 2, 6 (alterations supplied).

[10] Doc. no. 38 (Order dated June 16, 2014).

[11] Doc. no. 40 ("Plaintiffs' [*sic*] First Amended Original Complaint").

[12] *Id.* ¶¶ 9–13.

under "Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-16, and the Civil Rights Act of 1991, 42 U.S.C. 1981a," as well as "the Americans with Disabilities Act of 1990" (Count One);[13]

(*ii*)    "Retaliation" under Title VII (Count Two);[14]

(*iii*)   "Wrongful Termination" (Count Three);[15]

(*iv*)    "Breach of Good Faith and Fair Dealing" (Count Four);[16]

(*v*)     "Defamation" under "Article II - Sec 6-5-186" (Count Five);[17]

(*vi*)    "Deceit and Misrepresentation" under "Title 6, Article 8, Section 6-5-101-103" (Count Six);[18] and,

(*vii*)   "Intentional Infliction of Emotional Distress" (Count Seven).[19]

The action now is before the court on the motion to dismiss filed by defendant Colsa Corporation.[20]  The remaining individual defendants have not responded to the amended complaint because they have not yet been served.  Nevertheless, in the interests of judicial economy, this court will consider, *sua sponte*, whether plaintiff has stated a claim upon which relief can be granted by a United States District Court

---

[13] *See id.* ¶ 14.

[14] *See id.* ¶¶ 45–47.

[15] *See id.* ¶¶ 48–54.

[16] *See id.* ¶¶ 55–68.

[17] *See* doc. no. 40 ("Plaintiffs' [*sic*] First Amended Original Complaint") ¶¶ 69–73.

[18] *See id.* ¶¶ 74–79.

[19] *See id.* ¶¶ 80–86.

[20] Doc. no. 42 (Defendant's Motion to Dismiss); *see also* doc. no. 45 (Supplement to Colsa's Motion to Dismiss).

under federal statutes against *any* of the defendants.

## I. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b) permits a party to move to dismiss a complaint for, among other reasons, "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). This rule must be read together with Rule 8(a), which requires that a pleading contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While that pleading standard does not require "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 550 (2007), it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). As the Supreme Court stated in *Iqbal*:

> A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." [*Twombly*, 550 U.S., at 555]. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*., at 557.
>
> To survive a motion to dismiss founded upon Federal Rule of Civil Procedure 12(b)(6), [for failure to state a claim upon which relief can be granted], a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id*., at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*., at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely

consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Id.*, at 557 (brackets omitted).

Two working principles underlie our decision in *Twombly*. *First*, the tenet that a court must accept as true all of the allegations contained in a complaint is *inapplicable to legal conclusions*.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.  *Id.*, at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *Second*, only a complaint that states a plausible claim for relief survives a motion to dismiss.  *Id.*, at 556.  Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  490 F.3d, at 157-158.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not "show[n]" — "that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While *legal conclusions* can provide the framework of a complaint, they must be supported by factual allegations.  *When there are well-pleaded factual allegations*, *a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief*.

*Iqbal*, 556 U.S. at 678–79 (emphasis added).

"'*Pro se* pleadings are held to a less stringent standard than pleadings drafted

by attorneys' and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)).

## II.  DISCUSSION

As an initial matter, it must be noted that plaintiff's response in opposition to Colsa's motion to dismiss is subtitled "Plaintiff's Request to Second Amended Complaint [*sic*]."[21]   Even so, the body of the pleading fails to contain a specific request to amend plaintiff's complaint yet again.   Accordingly, to the extent that plaintiff's responsive pleading was intended to state a request to file a *second* amended complaint, the "motion" is due to be denied.

## A.      Failure to Exhaust Administrative Remedies

Colsa argues that plaintiff's complaint should be dismissed for failure to exhaust administrative remedies.[22]   The timely filing of an EEOC charge of discrimination within 180 days of the alleged discriminatory act is a condition precedent to bringing suit under either Title VII of the Civil Rights Act of 1964, as amended, or the Americans with Disabilities Act.   *See* 42 U.S.C. § 2000e-5(e)(1) (requiring claimant to submit a charge of discrimination to the EEOC within 180 days "after the alleged

---

[21] Doc. no. 46 ("Affirmation of Plaintiff in Opposition to Defendant's Motion to Dismiss First Amended Complaint[,] Plaintiff's Request to Second Amended Complaint [*sic*][, and] Plaintiff's Response to Supplement to Colsa's Motion to Dismiss" (alterations supplied)).

[22] *See* doc. no. 45 (Supplement to Colsa's Motion to Dismiss) ¶¶ 4–6.

unlawful employment practice occurred"); 42 U.S.C. § 12117(a) (providing, among other things, that the "procedures set forth in section[] . . . 2000e-5 . . . of this title shall be the . . . procedures this subchapter provides to . . . any person alleging discrimination on the basis of disability" (alteration and ellipses supplied)); *see also, e.g., Maynard v. Pneumatic Products Corp*., 256 F.3d 1259, 1262 (11th Cir. 2001) (*per curiam*) ("An ADA plaintiff has the burden of proving all conditions precedent to filing suit, including the condition that he timely filed with the EEOC.") (citation omitted); *Zillyette v. Capital One Financial Corp*., 179 F.3d 1337, 1339 (11th Cir. 1999) ("It is settled law that, under the ADA, plaintiffs must comply with the same procedural requirements to sue as exist under Title VII of the Civil Rights Act of 1964.").

Furthermore, following receipt of a "Right to Sue" notice from the EEOC, the complaint that a plaintiff files in federal court "'is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Gregory v. Georgia Department of Human Resources,* 355 F.3d 1277, 1280 (11th Cir. 2004) (quoting *Alexander v. Fulton County,* 207 F.3d 1303, 1332 (11th Cir. 2000), and citing *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 460 (5th Cir. 1970)).  The proper inquiry is whether plaintiff's judicial complaint "was like or related to, or grew out of, the allegations contained in her EEOC charge." *Gregory,*

9

355 F.3d at 1280.

Plaintiff's original EEOC charge, filed on November 14, 2012, alleged discrimination based on "Retaliation" and "Other," but did not allege discrimination or retaliation based upon *a disability*.[23]  In fact, nothing in plaintiff's EEOC charge referenced or alluded to any disability on the part of plaintiff.[24]  Instead, she charged that she had been discriminated against "because [she] saw Mr. Whitlock do illegal activities and have an office affair."[25]  Upon reviewing plaintiff's EEOC charge, therefore, it is clear that her newly asserted claims that she was discriminated and retaliated against on the basis of a disability far exceed the scope of her original EEOC complaint.

In short, because plaintiff failed to file an EEOC charge of discrimination or retaliation *on the basis of an alleged disability* within 180 days after the alleged unlawful employment practice occurred, her ADA claims are procedurally barred and must be dismissed.  *See, e.g.*, *Maynard*, 256 F.3d at 1262; *see also E.E.O.C. v. Summer Classics, Inc.*, 471 F. App'x 868, 869–70 (11th Cir. 2012) ("[P]rior to filing a claim for discrimination under the ADA, a plaintiff must first file a charge of discrimination with the EEOC.  Failure to file the charge within 180 days of the alleged unlawful

---

[23] *See* doc. no. 44 ("[Response to] Order for Original EEOC Complaint"), at ECF 3.

[24] *See id.* at ECF 5–6.

[25] *Id.* at 6 (alteration supplied).

employment practice bars the claim." (alteration supplied) (citations omitted)).

To the extent that plaintiff's amended complaint purports to assert claims of discrimination and retaliation under Title VII, those claims are not based on any characteristic protected by that civil rights statute. *See* 42 U.S.C. § 2000e-5(e)(1); *see also, e.g.*, *Gilchrist v. Bolger*, 733 F.2d 1551, 1553 (11th Cir. 1984) ("Title VII only proscribes employment discrimination on the basis of race, color, religion, sex, or national origin."). Accordingly, plaintiff again fails to state a claim upon which relief may be granted.

Even though it is not clear whether plaintiff intended to assert claims of discrimination and retaliation against the individual defendants named in her amended complaint, the arguments of Colsa as to why those counts should be dismissed against it for plaintiff's failure to exhaust her administrative remedies apply with equal force to the individual defendants. Accordingly, the discrimination and retaliation claims alleged in Counts One and Two are due to be dismissed in favor of *all* defendants.

## B.     Plaintiff's Supplemental State Law Claims

While Counts One and Two assert federal claims, Counts Three through Seven of plaintiff's amended complaint assert various state-law claims against some or all of the defendants.[26]  This court declines to exercise supplemental jurisdiction over

---

[26] *See* doc. no. 40 ("Plaintiff's First Amended Original Complaint) ¶¶ 48–86. Though Count Seven (Intentional Infliction of Emotional Distress) is clearly asserted against all defendants, it is

those claims.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a [state-law] claim if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." (alteration and ellipses supplied)).

### III.  CONCLUSION

In accordance with the foregoing, it is ORDERED that defendant Colsa's Motion to Dismiss is GRANTED, and Counts One and Two of plaintiff's amended complaint are DISMISSED in favor of all defendants *with prejudice*.  Counts Three, Four, Five, Six, and Seven of the amended complaint are likewise DISMISSED, but *without prejudice*, in order to provide plaintiff an opportunity to refile her claims in an appropriate state court, should she choose to do so.  Plaintiff's "Request to [File a] Second Amended Complaint" is DENIED.  Costs are taxed to plaintiff.  The Clerk is directed to close this file.

DONE and ORDERED this 6th day of August, 2014.

_____
United States District Judge

---

ambiguous, at best, as to which of the remaining counts are asserted against which defendants.

12